Chief Judge Fuld (concurring).
I join in the court’s opinion but, in doing so, I would add these few brief comments.
Our court has, consistently with the approach adopted in Babcock v. Jackson (12 N Y 2d 473), emphasized the need for analyzing and measuring the relevant interests of the states involved as to the particular issue presented in order to determine the decisional rule which is to govern. We departed from the traditional choice-of-law rule in personal injury cases, *584 because it “ fails to take account of underlying policy considerations ” (12 N Y 2d, at p. 478), and adopted a principle designed to afford an “ appropriate approach for accommodating the competing interests in tort cases with multi-State contacts ” (p. 481). We were willing to sacrifice the absolute certainty assured by the old rule for the more just, fair and practical result that may best be achieved by giving controlling effect to the law of the state which has the greatest concern with, or interest in, the specific issue raised in the litigation.
In consequence of the change — and this was, of course, to be anticipated—our decisions in multi-state highway accident cases have not featured consistency. (See, e.g., Miller v. Miller, 22 N Y 2d 12, 16.) Indeed, guest-host suits have proved to be, as Judge Keating notes (opn., p. 572), “ a class of cases which have been particularly troublesome.” The time has come, it seems to me, for us to endeavor to minimize what some have characterized as an ad hoc case-by-case approach by laying down guidelines, as well as we can, for the solution of guest-host conflicts problems. We have had sufficient experience with enough variations of the patterns of fact and law in this type of case to permit us to acknowledge that several choice-of-law rules governing different types of fact patterns have been forged by our recent decisions.
Babcock and the decisions it heralded place in our hands an instrument not confined to the rare and unusual situation. Bather, they comprise a sound foundation for a set of basic principles which the practicing lawyer, as well as the conflicts scholar, may be able to wield with good results. They have helped us uncover the underlying values and policies which are operative in this area of the law. Now that these values and policies have been revealed, we may proceed to the next stage in the evolution of the law — the formulation of a few rules of general applicability, promising a fair level of predictability. Although no rule may be found or framed to guarantee a satisfying result in every case, we cannot hope to deal justly with the legion of multi-state highway accident cases by regarding each case as one of a kind and unique. We should attempt, as has been suggested, to avoid “ both unreasonable rules and an unruly reasonableness that is destructive of many of the values of law and that loses sight of the need for coordinating a multi *585 state system ”. (Rosenberg, Two Views on Kell v. Henderson, 67 Col. L. Rev. 459, 464.)
Without attempting too much, I believe that we may accept the following principles as sound for situations involving guest statutes in conflicts settings:
1. When the guest-passenger and the host-driver are domiciled in the same state, and the car is there registered, the law of that state should control and determine the standard of care which the host owes to his guest.
2. When the driver’s conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim’s domicile. Conversely, when the guest was injured in the state of his own domicile and its law permits recovery, the driver who has come into that state should not — in the absence of special circumstances — be permitted to interpose the law of his state as a defense.
3. In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants. (Cf. Restatement, 2d, Conflict of Laws, P.O.D., pt. II, §§ 146', 159.)
Guidelines of the sort suggested will not always be easy of application, nor will they furnish guidance to litigants and lower courts in all cases. They are proffered as a beginning, not as an end, to the problems of sound and fair adjudication in the troubled world of the automobile guest statute.
Since, in the case before us, the guest-passenger and the host-driver were both domiciled in this State and the automobile was here registered, we look to New York law to determine the standard of care to be applied between those parties.